# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CITY OF GREEN BAY, and KRIS TESKE, in her official capacity as City of Green Bay City Clerk,<br><br>   Plaintiffs,<br><br> v.<br><br>MARGE BOSTELMANN, JULIE M. GLANCEY, ANN S. JACOBS, DEAN KNUDSON, ROBERT F. SPINDELL, JR., and MARK L. THOMSEN, in their official capacities as Wisconsin Elections Commissioners, ANDREA PALM, in her official capacity as Secretary-Designee of the Wisconsin Department of Health Services, and TONY EVERS, in his official capacity as Governor of the State of Wisconsin,<br><br>   Defendants. | Case No. 20-cv-00479-WCG |

## PROPOSED INTERVENOR REPUBLICAN PARTY OF WISCONSIN'S MOTION TO DISMISS

Proposed Intervenor, the Republican Party of Wisconsin ("RPW"), hereby moves to dismiss the Complaint against the Commissioners of the Wisconsin Elections Commission, Wisconsin Department of Health Service's Secretary-Designee Andrea Palm, and Wisconsin Governor Tony Evers.

The Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because it presents no justiciable case or controversy, it requests an advisory opinion of the Court on various subjects, and it also asks the Court to rule upon one or more political questions. The Complaint requests the Court to modify or suspend election laws, to modify or suspend executive orders of the Governor of the State of Wisconsin and the Department of Health Services, and to cancel and

reschedule the April 7 election. These are public policy issues that are the purview of Wisconsin state government, not this Court. Additionally, the relief requested by Plaintiffs could not be performed by Defendants. Put another way, Plaintiffs cannot obtain the injunctive relief requested against the named Defendants. All necessary parties required to grant the relief requested have not been joined in this action.

The Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff City of Green Bay lacks standing under Article III of the United States Constitution. The City of Green Bay has not asserted any violation of its constitutional rights. The Complaint asserts no federal claim under which the City of Green Bay has suffered a cognizable, remediable injury under federal law.

Additionally, the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to state any cognizable federal claim held by Plaintiffs upon which relief may be granted against Defendants.

Count I fails to state a claim upon which relief may be granted and it must be dismissed because Plaintiffs have stated no claim against Defendants for violation of equal protection under the Fourteenth Amendment of the United States Constitution. The "directives" issued by the Wisconsin Elections Commission do not create any classification that operates unequally upon Plaintiffs. Further, the referenced directives of the Elections Commission must be upheld because they are rationally related to a legitimate interest of the State of Wisconsin. The "directives" are advising upon compliance with state election laws and enforcing those laws. Further, to the extent Plaintiffs assert that orders issued by the Governor or the Department of Health Services create classifications treating Plaintiffs differently than other citizens, those

orders also must be upheld to the extent they are rationally related to a legitimate interest of the State of Wisconsin.

Likewise, Count II fails to state a claim by Plaintiffs upon which relief may be granted against Defendants and it accordingly must be dismissed. Count II seeks a declaration granting Defendants authority to suspend the application of Wisconsin's election laws. This requested relief is not premised upon or connected to any cognizable claim under federal law. The Court therefore has no subject matter jurisdiction to grant the declaration requested.

Count III also fails to state a claim by Plaintiffs upon which relief may be granted against Defendants and it must be dismissed. In Count III, Plaintiffs ask the Court to issue a declaration as to their responsibilities and potential liabilities for disenfranchisement under 42 U.S.C. § 1983, and to rule as to Plaintiffs' potential exposure to liability for constitutional violations for disenfranchisement. Again, this requested relief is not premised upon or connected to any cognizable claim under federal law. In short, Count III asks the Court to issue an advisory opinion as to liability for potential claims that might be asserted in the future. The Court has no subject matter jurisdiction to grant the declaration requested.

Count IV also fails to state a claim by Plaintiffs upon which relief may be granted against Defendants and it must be dismissed. In Count IV, Plaintiffs ask the Court to issue a declaration as to their responsibilities and potential liabilities for failing to follow election laws under 42 U.S.C. § 1983. Count IV asks the Court to declare that Plaintiffs will not be subject to liability to the State of Wisconsin or the Elections Commission for failure to abide by the Commission's directives and Wisconsin election laws. This requested relief is not premised upon or connected to any cognizable claim under federal law. Again, Count IV asks the Court to issue an advisory

DocID: 4830-4090-6936.2

opinion as to liability for potential claims that might be asserted in the future. The Court has no subject matter jurisdiction to grant the declaration requested.

Because the Complaint fails to state any cognizable federal claim for which relief may be granted, and because the Court lacks subject matter jurisdiction to issue the relief requested, Plaintiffs' requests for injunctive relief also must be denied.

## **CONCLUSION**

For all of the foregoing reasons, the Complaint should be dismissed on the merits, with prejudice.

Dated: March 26, 2020

                Respectfully submitted,

                s/*Eric M. McLeod*
                Eric M. McLeod (State Bar No. 1021730)
                HUSCH BLACKWELL LLP
                P.O. Box 1379
                33 East Main Street, Suite 300
                Madison, WI 53701-1379
                (608) 255-4440
                (608) 258-7138 (fax)
                eric.mcleod@huschblackwell.com

                s/*Lisa M. Lawless*
                Lisa M. Lawless (State Bar No. 1021749)
                HUSCH BLACKWELL LLP
                555 East Wells Street, Suite 1900
                Milwaukee, WI 53202-3819
                (414) 273-2100
                (414) 223-5000 (fax)
                lisa.lawless@huschblackwell.com

                *Attorneys for the Republican Party of Wisconsin*

DocID: 4830-4090-6936.2