UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CITY OF GREEN BAY,
KRIS TESKE, and
ERIC GENRICH,

        Plaintiffs,

        v.                                      Case No. 20-C-479

MARGE BOSTELMANN, et al.,

        Defendants.

---

## DECISION AND ORDER

      On March 24, 2020, the City of Green Bay and Kris Teske, in her official capacity as Clerk of the City of Green Bay, filed this action pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief against members of the Wisconsin Election Commission, the Secretary Designee of the Wisconsin Department of Health Services, and the Governor of the State of Wisconsin. Plaintiffs seek cancellation of the upcoming April 7, 2020, election and the modification of procedures to allow mail only ballots. Plaintiffs allege that the election cannot be safely conducted in accordance with the Wisconsin Election Commission's established procedures for administering the election while also complying with the directives issued by State health officials and the Governor to maintain social distancing and avoid additional exposure to the COVID-19 virus. The amended complaint alleges that Defendants have violated Plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment (Count I). Plaintiffs also seek a declaration that Defendants have the authority to suspend the April 7, 2020 election and have a duty to do so; a declaration as to Plaintiffs' responsibilities and potential liabilities for

disenfranchisement; and a declaration that they will not be subject to liability from the State and/or the Commission for failure to abide by the Commission's directives and Wisconsin election laws (Counts II through IV).

Along with their complaint, Plaintiffs filed a motion for a temporary restraining order and preliminary injunction requesting that the court cancel the April 7, 2020, election; permit Plaintiffs to conduct the election by mailing ballots to all registered voters; extend the deadline for registering to vote electronically or by mail to May 1, 2020; cancel in-person registration and absentee voting; and establish Tuesday, June 2, 2020, as the deadline by which municipal clerks must have counted all returned mailed ballots.

On March 25, 2020, the court entered an order setting the matter for a March 26, 2020, telephonic status conference. As part of its order, the court directed the parties to be prepared to address the threshold issue of whether Plaintiffs have standing to bring this action in light of the political subdivision standing doctrine which holds that a political subdivision of a state, like a municipality, may not sue the state of which it is a part in federal court. Dkt. No. 7 at 3. Moments before the scheduled hearing, Plaintiffs filed an amended complaint adding Eric Genrich, personally and in his official capacity as the Mayor of the City of Green Bay, as a plaintiff to the action. In addition, motions to intervene have been filed by the City of Neenah, the Republican Party of Wisconsin, the Wisconsin Legislature, Washington County, and the Wisconsin Counties Association.

During the March 26, 2020 status conference, the parties summarized their positions on Plaintiffs' standing to bring the lawsuit and the merits of the action. Defendants moved for dismissal of Plaintiffs' amended complaint for lack of subject matter jurisdiction and for failure to state a claim. The court directed the parties to submit any further briefing on the matter before

2

3:00 p.m. on March 27, 2020.  Having considered the briefs and arguments of counsel, the court now concludes that the claims must be dismissed for lack of federal jurisdiction and the motion for injunctive relief denied.  And because the court lacks jurisdiction over the claims asserted, the motions to intervene will be denied as moot, as will the motion to file an amicus brief by Disability Rights Wisconsin, Inc., and the ACLU of Wisconsin.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of this court of the subject matter jurisdiction in the complaint.  Fed. R. Civ. P. 12(b)(1).  To survive a Rule 12(b)(1) motion, the plaintiff must establish that the jurisdictional requirements have been met.  *Schaefer v. Transp. Media, Inc.*, 859 F.2d 1251, 1253 (7th Cir. 1988).  The proponent of federal jurisdiction must "prove those jurisdictional facts by a preponderance of the evidence."  *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).  When the moving party "launches a factual attack against jurisdiction, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."  *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (internal quotation marks and citations omitted).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  Rule 8 mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has held that a complaint must contain factual allegations that "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While a plaintiff is not required to plead detailed factual

allegations, he or she must plead "more than labels and conclusions." *Id.* A simple, "formulaic recitation of the elements of a cause of action will not do." *Id.* In evaluating a motion to dismiss, the court must view the plaintiff's factual allegations and any inferences reasonably drawn from them in a light most favorable to the plaintiff." *Yasak v. Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004).

## ANALYSIS

Defendants assert that the action must be dismissed for lack of subject matter jurisdiction because Plaintiffs do not have standing to assert the claims of the amended complaint against them. "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). The "case or controversy" requirement contained in Article III ensures that the federal judicial power is confined to a role consistent with a system of separated powers and limited to cases "which are traditionally thought to be capable of resolution through the judicial process." *Flast v. Cohen*, 392 U.S. 83, 97 (1968). A plaintiff seeking to invoke a federal court's jurisdiction must demonstrate that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (citation and internal quotation marks omitted). To establish injury in fact, a plaintiff must show that he suffered "an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Perry v. Vill. of Arlington Heights*, 186 F.3d 826, 829 (7th Cir. 1999).

4

Plaintiffs brought this action pursuant to 42 U.S.C. § 1983. The only federal claim asserted by Plaintiffs is a violation of the equal protection clause of the Fourteenth Amendment. Defendants contend that the City and its officials in their official capacity lack standing to assert an Equal Protection Clause violation under the political subdivision doctrine. The political subdivision standing doctrine bars political subdivisions from advancing Fourteenth Amendment claims against their parent states. *See City of Trenton v. New Jersey*, 262 U.S. 182, 188 (1923). "Municipalities cannot challenge state action on federal constitutional grounds because they are not 'persons' within the meaning of the Due Process Clause," and therefore, "cannot invoke the protection of the Fifth or Fourteenth Amendments" or bring a § 1983 claim against the State. *City of E. St. Louis v. Circuit Court for the Twentieth Judicial Circuit*, 986 F.2d 1142, 1144 (7th Cir. 1993); *see City of South Bend v. South Bend Common Council*, 865 F.3d 889 (7th Cir. 2017) ("[A] state cannot sue one of its cities, because as far as the national government is concerned a state and all of its creatures is a unit. That goes for cities suing their states, too."). In addition, although Clerk Teske and Mayor Genrich are suing in their official capacities, actions brought by municipal officers in their official capacities are the equivalent of actions brought by the municipality. *See Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987). In short, the City and its officials, who are suing in their official capacities, do not have standing to bring this claim.

The same is true for the claim by Mayor Genrich in his individual capacity. In setting the matter for a telephone conference to discuss the parties' positions and further scheduling, the court invited the parties to address whether Plaintiffs have standing to bring this action in light of the political subdivision standing doctrine. Dkt. No. 7. In an effort to create standing, Plaintiffs amended the complaint to add a claim on behalf of Mayor Genrich in his individual capacity alleging that he, as an individual, may have difficulty casting an absentee ballot or voting in

5

person. Mayor Genrich's allegations are too speculative to state an equal protection claim under the Fourteenth Amendment. The complaint contains no allegations that the Mayor requested an absentee ballot, that he was denied an absentee ballot, or that he will be unable to mail or deliver the ballot in time for the election. Even if the complaint included such allegations, they would lack any plausibility, given his position as Mayor of the City. Nor can the Mayor as an individual assert the claims of other non-parties to the action. As a result, this claim also fails to plausibly allege the essential standing needed to proceed.

Even if Mayor Genrich was able to state a claim on his own behalf under the equal protection clause, his personal difficulty by itself would hardly warrant the extraordinary relief requested. No other voters or organizations that represent voters are parties to this lawsuit. A claim by one individual, the Mayor of Green Bay in particular, is not enough to create the standing Plaintiffs need to invoke federal intervention in state laws governing elections. *See Burdick v. Takushi*, 504 U.S. 428, 433 (1992) ("The Constitution provides that States may prescribe '[t]he Times, Places and Manner of holding Elections for Senators and Representatives,' Art. I, § 4, cl. 1, and the Court therefore has recognized that States retain the power to regulate their own elections."). It thus follows that Plaintiffs' equal protection claims must be dismissed.

Plaintiffs' remaining claims seek declaratory relief. "[T]he Declaratory Judgment Act is not an independent source of federal jurisdiction." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950)). A remedy is only available under the Act if the court has jurisdiction from some other source. *See GNB Battery Techs., Inc. v. Gould, Inc.*, 65 F.3d 615 619 (7th Cir. 1995). Because Plaintiffs cannot proceed on their Fourteenth Amendment claims, the court does not have jurisdiction over Plaintiffs' declaratory judgment claims. Accordingly, Plaintiffs' amended complaint must be dismissed.

6

## CONCLUSION

This case is dismissed for lack of jurisdiction. The court's decision is not intended to minimize the serious difficulties the City and its officials are facing in attempting to conduct the upcoming election. The court is saying only that the City and its mayor are not the proper parties to bring such a claim in federal court. In that connection, the court notes that a group of individuals and civic groups representing voters filed a lawsuit seeking similar relief to address the same problem in the Western District of Wisconsin. *See Lewis v. Knudson*, Case No. 20-cv-284 (W.D. Wis.). Assuming the plaintiffs in that case have standing, that court will presumably be called upon to decide the important questions Plaintiffs have raised here. But for the reasons set forth, this court cannot.

**SO ORDERED** at Green Bay, Wisconsin this 27th day of March, 2020.

                                                 s/ William C. Griesbach
                                                 William C. Griesbach, District Judge
                                                 United States District Court